MICHEL, Chief Judge, and RADER, Circuit Judge,
dissenting from the denial of the petition for rehearing en banc.
Rehearing this case en banc would have enabled us to reconsider Cybor’s rule of de novo review for claim construction in light of our eight years of experience with its application. I have come to believe that reconsideration is appropriate and revision may be advisable.
In my view, four practical problems have emerged under the Markman-Cybor regime: (1) a steadily high reversal rate; (2) a lack of predictability about appellate outcomes, which may confound trial judges and discourage settlements; (3) loss of the comparative advantage often enjoyed by the district judges who heard or read all of the evidence and may have spent more time on the claim constructions than we ever could on appeal; and (4) inundation of our court with the minutia of construing numerous disputed claim terms (in multiple claims and patents) in nearly every patent case.
Our standard of review of no deference to the trial judge’s claim constructions, expressed in Cybor, rests upon the premise that claim construction is always a purely legal exercise, devoid of factual content. We have likened claim construction to statutory construction. I believe that this analogy is open to serious question. In interpreting statutes, a judge, whether trial or appellate, essentially asks himself/herself, “What does the disputed term mean to me, the judge, as an artisan in the law?” With claim construction, on the other hand, the judge is supposed to inquire, essentially, “How would the average artisan in the relevant field of technology understand the disputed claim terms in the context of the rest of the patent, the prosecution history, and the prior art?”
It seems to me that the claim construction question often cannot be answered *1041 without assessing, at least implicitly, what the average artisan knew and how she thought about the particular technology when the patent claims were written. To make such determinations, the trial judge necessarily relies upon prior art documents and other evidence concerning the skill of the ordinary artisan at the relevant time. Indeed, trial judges are arguably better equipped than appellate judges to make these factual determinations, especially in close cases. In such instances, perhaps we should routinely give at least some deference to the trial court, given its greater knowledge of the facts. Or, perhaps other adjustments to our current practice should be considered.
Whatever our resolution, however, I believe the time has come for us to reexamine Cybor’s no deference rule. I hope that we will do so at our next opportunity, and I expect we will.